## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| **DEVON EMINGER,** *et al.***,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:24-cv-00444-HAB-ALT** |
| | ) | |
| **CITY OF KENDALLVILLE,** *et al.***,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Before the Court are three pending motions: (1) Defendants' motion for more definite statement (ECF 44), together with a supporting brief (ECF 45), filed on October 21, 2025; (2) *pro se* Plaintiff Devon Eminger's "Motion to Limit Improper Communications and Preserve Fair Litigation Conduct" (ECF 49) filed on October 29, 2025, together with a Declaration of [Plaintiff] Natalie Minks (ECF 49-1) and a subsequently filed supplemental exhibit (ECF 60); and (3) *pro se* Plaintiffs' motion for leave to file a second amended complaint (ECF 54), together with a proposed second amended complaint (ECF 54-1), filed on November 4, 2025. All three pending motions are now ripe for ruling. (*See* ECF 45, 57, 58, 59).

### A. Motion to Limit Improper Communications and Preserve Fair Litigation Conduct

In Eminger's pending motion, she contends that "[s]ince the withdrawal of Plaintiff's former counsel, defense counsel has engaged in selective communication practices which have caused confusion and hindered effective participation by both Plaintiffs." (ECF 49 at 2). Specifically, Eminger asserts:

> [O]n or about October 3, 2025, defense counsel transmitted a court-date notification to co-Plaintiff Natalie Minks concerning the October 6, 2025 hearing. No such communication was provided to Plaintiff Eminger . . . . As a result, Plaintiff Eminger did not receive timely notice of the hearing and was unable to appear. The

> absence of contemporaneous notice materially affected Plaintiff[] [Eminger's] ability to participate and created procedural disadvantage. . . . Similar issues have arisen in other instances, where defense counsel has directed communications to only one Plaintiff, or provided inconsistent information between parties. . . . Such practices risk confusion, unequal access to information, and the appearance of ex parte or manipulative contact.

(*Id.*). As requested relief, Eminger asks the Court to order that: (1) all communications by defense counsel "be sent or made simultaneously and identically to both Plaintiffs . . ."; (2) "[n]o party or counsel shall communicate separately with one Plaintiff without contemporaneously providing the identical information to the other"; and (3) all communications occur only "with both Plaintiffs present[.]" (*Id.*). In support of the motion, Eminger attaches Minks's Declaration, in which Minks attempts to authorize Eminger to perform certain litigation functions for her in this case. (ECF 49-1)

Eminger's motion is baseless. There is nothing improper about Defendants' counsel communicating with Minks about the claims she is advancing and the discovery directed to her. Minks is not a minor, both Plaintiffs are proceeding *pro se*, and Eminger is not entitled to speak for Minks in this case. While an individual is permitted to represent herself in federal litigation, "a non-lawyer may not represent another or sign papers on another's behalf." *East v. McDermott*, No. 24-1785, 2024 WL 4723065, at *1 (7th Cir. 2024) (citations omitted). This has already been explained to Eminger in open court. (*See* ECF 22).

Nor is Eminger's attempt to shift the blame to Defendants' counsel for her absence at the October 6, 2025, hearing well taken. (*See* ECF 49 at 2). Each Plaintiff has a duty to regularly check the docket to inform themselves of any upcoming hearings or deadlines, regardless of communications with Defendants' counsel. *See Herdon v. SBHA*, No. 3:15 CV 169, 2017 WL 8786490, at *1 (N.D. Ind. Nov. 16, 2017) ("As a litigant, plaintiff was obliged to both comply with court orders and maintain up-to-date contact information."). That counsel may have sent

Minks a courtesy copy of a Court order has nothing to do with each Plaintiff's independent duty to litigate this case and timely appear at all Court proceedings. Therefore, Eminger's motion will be denied.

### B. Motion for Leave to File Second Amended Complaint

In Plaintiffs' second pending motion, Plaintiffs seek leave of Court to file a second amended complaint to include "additional allegations and parties" learned during discovery pertaining to Eminger's claim that she was falsely arrested on January 3, 2023, following the traffic stop at issue. (ECF 54 at 1).[1] Defendants oppose the motion on the basis of futility. (ECF 57).

The procedural background of this case is relevant to the motion to amend. In the Scheduling Order, the Court set a deadline of February 19, 2025, for Plaintiffs to seek leave of Court to amend the pleadings. (ECF 10). On July 15, 2025, Eminger moved to amend Plaintiffs' complaint (ECF 15, 15-1), which was stricken for the reasons stated on the record at the July 31, 2025, status conference (ECF 22). On August 12, 2025, Plaintiffs filed an amended complaint without leave of Court (ECF 24), and therefore, it too was stricken (ECF 26). On October 3, 2025, Plaintiffs filed another motion to amend complaint (ECF 39), which the Court granted at a hearing on October 6, 2025 (ECF 42), rendering the amended complaint filed on October 7, 2025 (ECF 43), the operative complaint of record.

However, on October 21, 2025, Defendants filed a motion for more definite statement, claiming the operative complaint was incomplete and lacked sufficient factual allegations such that Defendants could not reasonably prepare a response. (ECF 44, 45). Eight days later,

---

[1] Plaintiffs also state in the motion that they "wish to incorporate claims of legal malpractice and unethical conduct by former counsel" (ECF 54 at 2), but no such allegations are included in the proposed second amended complaint (*see* ECF 54-1).

Plaintiffs filed a motion for leave to file a second amended complaint (ECF 48) in response, together with a proposed amended complaint (ECF 48-1). But before the Court could rule on that motion, Plaintiff filed the instant motion for leave to file a second amended complaint (ECF 54), together with a proposed amended complaint (ECF 54-1), which rendered the October 29, 2025, motion to amend moot (ECF 56).

Defendants object to Plaintiffs' pending motion to amend, claiming that allowing the additional factual allegations pertaining to Eminger's purported false arrest on January 3, 2023, would be futile because the applicable statute of limitations has now run. (ECF 57 at 3-4). While that may be the case, the false arrest allegations pertaining to Eminger already exist in the operative complaint of record. (ECF 43 ¶¶ 1, 13). And given that Defendants claim the operative complaint lacks sufficient factual allegations to allow them to respond, affording Plaintiffs leave to file the proposed second amended complaint in response to the motion for more definitive statement seems reasonable. If Defendants believe the statute of limitations has run as to Eminger's claim of false arrest and related allegations, they are free to file a dispositive motion to that effect. *See Chen v. Yellen*, No. 3:20-cv-50458, 2021 WL 5005373, at *3 (N.D. Ill. Oct. 28, 2021) ("[C]ourts around the country have found that futility arguments made in opposition to the filing of an amended [pleading] are often better suited for consideration in the context of a motion to dismiss . . . ." ); *see also Bentley v. Ariz. Dep't of Child Safety*, No. CV-17-00966-PHX-DJH, 2018 WL 8262769, at *1 (D. Ariz. Nov. 7, 2018) ("Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." (collecting cases)).

As a final point, while the deadline for Plaintiffs to seek leave to amend complaint passed on February 19, 2025 (ECF 10), Defendants' motion for more definite statement serves as "good

cause" under Federal Rule of Civil Procedure 16(b)(4) to allow the amendment. Therefore, Plaintiffs' motion to amend will be granted. Plaintiffs are forewarned, however, that the Court does not anticipate affording Plaintiffs any additional opportunities to amend their complaint in the future.

### *C. Conclusion*

For the foregoing reasons, Eminger's Motion to Limit Improper Communications and Preserve Fair Litigation Conduct (ECF 49) is DENIED, and Plaintiffs' motion for leave to file second amended complaint (ECF 54) is GRANTED. The Clerk is DIRECTED to file Plaintiffs' second amended complaint (ECF 54-1) in a separate docket entry. Defendants' motion for more definite statement (ECF 44) is DENIED as MOOT.

 SO ORDERED.

Entered this 21st day of November 2025.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge