**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| DEVON EMINGER, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>KENDALLVILLE CITY of, *Indiana*,<br>*et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)  Case No. 1:24-cv-00444-HAB-ALT<br>)<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

Before the Court is a motion for attorney fees and expenses filed on March 19, 2026, by Defendants City of Kendallville, Kendallville Police Department, Officer Brody Fretz, and Sgt. Justin Beall (the "Kendallville Defendants") pursuant to Federal Rules of Civil Procedure 37(a)(5)(B) and 37 (d)(1). (ECF 123). The motion stems from the Court's February 19, 2026, ruling on the record (ECF 116) granting Kendallville Defendants' motion to compel deposition testimony and sanctions (ECF 106) and denying *pro se* Plaintiffs' motion to compel and supplemental motion to compel certain discovery (ECF 90, 97). At that hearing, the Court indicated Kendallville Defendants could submit a motion for attorney fees as the victor on these motions. (ECF 116). On April 2, 2026, Plaintiffs filed a response in opposition to the motion for fees (ECF 126), and Kendallville Defendants timely replied (ECF 128). Therefore, the motion is ripe for ruling.

For the following reasons, Kendallville Defendants' motion for fees and expenses will be granted in part and denied in part.

### A. Fees Relating to Plaintiffs' Motions to Compel

1. Applicable Legal Standard

Federal Rule of Civil Procedure 37(a) governs the imposition of expenses and sanctions related to a motion to compel. It provides, in pertinent part:

(a) Motion for an Order Compelling Disclosure or Discovery.

> (1) *In General.* On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.
> ….

> (5) *Payment of Expenses; Protective Orders.*

>> (A) … If the motion is granted–or if the disclosure or requested discovery is provided after the motion was filed–the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

>>> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

>>> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

>>> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a).

This Rule "presumptively requires every loser to make good the victor's costs …." *Rickels v. City of S. Bend*, 33 F.3d 785, 786 (7th Cir. 1994) (citation omitted). Such fee-shifting "encourages … voluntary resolution" of discovery disputes and "curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the

merits of the claims." *Id.* at 787. Accordingly, "the loser pays" unless he establishes "that his position was substantially justified." *Id.* at 786-87 (citation omitted).

"Reasonable attorney fees under Rule 37 are calculated using the 'lodestar' method, which is a reasonable hourly rate multiplied by the hours reasonably expended." *L.H.H. ex rel. Hernandez v. Horton*, No. 2:13-CV-452-PRC, 2015 WL 1057466, at *1 (N.D. Ind. Mar. 10, 2015) (citations omitted). "A reasonable rate is one 'derived from the market rate for the services rendered.'" *Id.* (quoting *Pickett v. Sheridan Health Care Ctr.,* 664 F.3d 632, 640 (7th Cir. 2011)). "The Court must also determine whether an attorney's requested award is for hours reasonably spent." *Zimmer, Inc. v. Beamalloy Reconstructive Med. Prods., LLC*, No. 1:16-cv-00355-HAB-SLC, 2019 WL 2635944, at *4 (N.D. Ind. June 27, 2019) (citation omitted). "Ultimately, the party seeking an award of attorneys' fees bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed." *Bratton v. Thomas L. Firm, PC*, 943 F. Supp. 2d 897, 902 (N.D. Ind. 2013) (citing *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 550 (7th Cir. 1999)).

   2.   <u>Analysis</u>

Kendallville Defendants seek 19.5 hours of attorney fees for litigating Plaintiffs' motions to compel, billed at $195 per hour, which is their counsel's actual billing rate, for a total of $3,802.50. (ECF 123 ℙℙ 5, 7, 8). Plaintiffs do not challenge the hourly rate billed by counsel (ECF 126), and the Court agrees this hourly rate of $195 seems quite reasonable for this jurisdiction, particularly given that counsel is a civil rights litigator with more than ten years of experience and a partner in his law firm. (ECF 123 ℙ 8). *See Miller v. City of Richmond*, No. 1:17-cv-00901-TWP-DML, 2018 WL 4385026, at *2 (S.D. Ind. Sept. 14, 2018) ("The best

evidence of the market rate is the hourly rate the attorney customarily charges paying clients for similar work." (citation omitted)).

Instead, Plaintiffs argue that their motions to compel were "substantially justified" due to Kendallville Defendants' alleged "[i]ncomplete discovery production", "[l]ack of clarity regarding evidence formats (body cam and dash cam recordings)", and "[c]oncerns over missing or altered evidence". (ECF 126 at 2). Under Rule 37(a)(5)(A)(ii), a party's resistance to discovery is "substantially justified" when there is "a genuine dispute." *Rackemann v. LISNR, Inc.*, No. 1:17-cv-00624-MJD-TWP, 2018 WL 3328140, at *3 (S.D. Ind. July 6, 2018) (citation omitted). Put another way, resistance is substantially justified "if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citations and brackets omitted). Here, Plaintiffs contend that "[a] reasonable litigant could conclude that discovery responses were inadequate or incomplete." (ECF 126 at 2). Kendallville Defendants argue just the opposite, asserting that Plaintiffs wholly disregarded counsel's explanations about "the source and form of the documents in question" and relied on mere "suspicion" that the Kendallville Defendants were withholding responsive materials in filing the motions to compel. (ECF 123 ¶ 4).

At the hearing, Plaintiff Eminger repeatedly voiced her belief that Kendallville Defendants had withheld, altered, or destroyed dash and body cam videos of the incident, attributing this belief to her general distrust of, and her recent acrimonious relationship with, the Kendallville Sheriff's Department. To that end, Plaintiffs asserted the videos produced by Kendallville Defendants "lack[] timestamps, metadata overlays, pre-stop timeframe, and audio[,]" and thus, Plaintiffs sought the "[a]udit trail, query logs, or system metadata" (ECF 97 at 4) associated with "national or dispatch-based systems" (*id.* at 2). Plaintiffs also questioned the

4

authenticity of the incident report produced by Kendallville Defendants and wanted "system logs showing creation, access, edits, and user activity" pertaining to the incident report, though "system logs" were not included in Plaintiffs' incident report request. (*Id.* at 5). In response, Kendallville Defendants explained that each camera may have been active at a different time and in a different manner, they had produced the video files in the manner maintained, some videos never had audio, and there is no data that was not produced. (ECF 107 at 2-4). Kendallville Defendants also emphasized that some of Plaintiffs' complaints relate to requests under the Access to Public Records Act (APRA), rather than discovery requests. (ECF 94 at 2). Ultimately, the Court denied Plaintiffs' two motions to compel, stating that the Court cannot compel materials that do not exist. (ECF 116).

Here, Plaintiffs' missteps with the motions to compel seem largely attributable to their *pro se* status and lack of litigation experience and understanding of the Federal Rules of Civil Procedure. Having said that, such inexperience does not transform their arguments, which seem based primarily on general distrust of the Kendallville Defendants, into being substantially justified. In fact, some of Plaintiffs' arguments in the motions to compel pertain to APRA requests, which are not the proper subject of a motion to compel. Also Plaintiffs filed *two* motions to compel on essentially the same subject matter—one filed solely by Eminger (ECF 90) and the other filed by Eminger and Minks just two weeks later (ECF 97), which was largely duplicative of the first motion—resulting in a greater burden to Kendallville Defendants and the Court. Thus, Plaintiffs' assertion that their motions to compel were "substantially justified" is not convincing.

To be clear, "pro se status, by itself, does not shield [Plaintiffs] from an award of reasonable expenses under Rule 37(a)(5)(A)." *Cambria Cap., LLC v. Fusaro*, No. 2:21-cv-

00428-DBB-JCB, 2022 WL 2473572, at *3 (D. Utah July 6, 2022) (collecting cases). Having said that, "many courts have taken a party's pro se status into account, at least in part, when declining to award reasonable expenses under Rule 37." *Id.* (collecting cases); *see also McMillin v. Lowe's Home Ctrs., LLC*, No. 3:22-cv-00294, 2023 WL 11261004, at *6 (M.D. Tenn. July 24, 2023). Given Plaintiffs' *pro se* status and that Plaintiffs appeared to truly believe, although mistakenly, that Kendallville Defendants were withholding responsive discovery, and that this is Plaintiffs' first motions to compel addressed on the merits, I am disinclined to award fees and expenses on Plaintiffs' motions to compel. *See, e.g.*, *Alphonsis v. Century Reg'l Det. Facility*, No. CV 17-03650-ODW (DFM), 2020 WL 11025946, at *2 (C.D. Cal. Oct. 28, 2020) ("While Plaintiff's motion was not substantially justified, her pro se status makes the Court disinclined to award sanctions."). An award of expenses would be "unjust" under these circumstances. Fed. R. Civ. P. 37(a)(5)(B); *see Slabaugh v. LG Elecs. USA, Inc.*, No. 1:12-CV-01020-RLY-MJD, 2014 WL 6453557, at *2 (S.D. Ind. Nov. 17, 2014) (explaining that the second exception to an award of Rule 37 fees is a "rather flexible catch-all position"). Plaintiffs, however, should consider themselves duly FOREWARNED that their *pro se* status will not necessarily protect them from sanctions under Rule 37(a)(5)(A) in the future. *See id.*

### B. Fees Relating to Plaintiffs' Failure to Attend Depositions and Kendallville Defendants' Motion to Compel Depositions

1. Applicable Legal Standard

Under Federal Rule of Civil Procedure 37(d), "[t]he court where the action is pending may, on motion, order sanctions if … a party … fails, after being served with proper notice, to appear for that person's deposition[.]" Fed. R. Civ. P. 37(d)(1)(A). "Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37(d)(3). "Instead of or in addition to these sanctions, the court must require the party failing to act … to pay the reasonable

6

expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.*

2. Analysis

Kendallville Defendants seek attorney fees and expenses associated with Plaintiffs' failure to attend their depositions on January 30, 2026, and Kendallville Defendants' subsequent successful motion to compel their deposition testimony. (ECF 123 at 5). As discussed at the hearing on Kendallville Defendants' motion to compel, Kendallville Defendants noticed Plaintiffs' depositions for January 30, 2026, with Eminger at 10:00am and Minks at 1:00pm, to be held at the office of Petro Reporting in Fort Wayne. (ECF 106 at 1-2). After Eminger failed to timely appear at the deposition on January 30, 2026, a paralegal at counsel's office called Plaintiffs at approximately 10:30am, but neither answered. (*Id.* at 3). At approximately 12:00pm, Plaintiff Minks called the paralegal and advised her that Plaintiffs were running late but should arrive at the court reporter's office about 1:30pm. (*Id.*). At 1:05pm, Plaintiffs called the paralegal again, stating they were 20 minutes away from the court reporter's office. (*Id.*). Plaintiffs, however, never appeared at the court reporter's office for their depositions on January 30, 2026. (*Id.*).

Instead, Plaintiffs hand-delivered an emergency motion for protective order to the Clerk's office of this Court on January 30, 2026, acknowledging they failed to appear for their depositions and seeking a protective order from rescheduling them. (ECF 100). They cited "unresolved discovery issues" as good cause to excuse their non-appearance. (*Id.* at 3). For the reasons stated on the record at the February 19, 2026, hearing, the Court denied Plaintiffs' motion for protective order and granted Kendallville Defendants' motion to compel Plaintiffs' deposition testimony, stating that Kendallville Defendants may submit a motion for attorney fees

7

associated with their motion to compel and Plaintiffs' failure to attend their depositions. (ECF 116).

Plaintiffs argue that the Court should deny Kendallville Defendants' request for fees and expenses associated with their missed depositions and Kendallville Defendants' motion to compel, asserting that the parties had "active discovery disputes" at the time of their depositions and Plaintiffs' failure to appear was not in "bad faith". (ECF 126 at 3). However, Rule 37 makes clear that a party's failure to appear at a deposition "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2). Here, Plaintiffs did not file their motion for protective order until *after* they failed to appear at their depositions.[1] (*See* ECF 100). Further, Plaintiffs misled Kendallville Defendants' counsel when telling the paralegal they were on their way to the court reporter's office, when they were, in fact, not on their way to the court reporter's office. Clearly, sanctions are appropriate in this circumstance.

Kendallville Defendants seek $3,593 in total for 5.5 hours counsel spent traveling to the depositions, waiting for Plaintiffs to arrive, and making a record of their non-appearance; a $200 no-show fee charged by the court-reporter; and 11.9 hours associated with counsel's drafting Kendallville Defendants' motion to compel (ECF 123, 128), drafting a response to Plaintiffs' motion for protective order (ECF 100), and corresponding with Plaintiffs about their failure to appear. (ECF 123 at 6-7). Plaintiffs raise perfunctory objections to Kendallville Defendants' fee request, such as: "Generalized billing entries", "Block billing", "Duplicative time entries", and

---

[1] Plaintiffs did file an emergency motion to stay or limit depositions pending resolution of their motion to compel on January 28, 2026—two days before the noticed depositions. (ECF 98). However, Plaintiffs neglected to inform the Court in that motion that their depositions had been noticed for just two days later. Nor did Plaintiffs title the motion as seeking a protective order under Rule 26(c). As such, the Court does not consider Plaintiffs' emergency motion to stay to be a motion for protective order under Rule 26(c).

"Time spent on internal communications and strategy" (ECF 126 at 4) to Kendallville Defendants' request, but do not develop these arguments in any respect. The Seventh Circuit Court of Appeals "has long warned that perfunctory and undeveloped arguments are deemed waived." *U.S. v. Collins*, 796 F. 3d 829, 836 (7th Cir. 2015) (citation and quotation marks omitted).

The Court will, however, deduct 3.95 hours from Kendallville Defendants' requested fees for time spent "drafting response to Plaintiff's emergency motion to stay discovery (protective order)[.]" (ECF 123 at 7). The motion to stay (ECF 98) and motion for protective order (ECF 100) were not included in the Court' order pertaining to fees. (*See* ECF 116 ("Defts may submit Motion for Attorney Fees re 106, 90 and 97.")). In any event, while Kendallville Defendants did file a response to Plaintiffs' emergency motion to stay or limit depositions (ECF 98, 109), they did not file a response to Plaintiff's motion for protective order (ECF 100). Therefore, the Court will halve the fees in each billing entry that includes the motion to stay and motion for protective order. Otherwise, Kendallville Defendants' request for fees and expenses associated with Plaintiffs' failure to attend the depositions and Kendallville Defendants' successful motion to compel depositions appears reasonable. Accordingly, Plaintiffs will be ordered to pay Kendallville Defendants $2,622.75 in attorney fees (13.45 hours at $195 per hour), plus $200 in court reporter fees, for a total of $2,822.75.

### C. Conclusion

For the foregoing reasons, Kendallville Defendants' motion for attorney fees and expenses (ECF 123) is GRANTED IN PART as to Kendallville Defendants' reasonable fees and expenses associated with Plaintiffs' failure to attend their depositions on January 30, 2026, and Kendallville Defendants' successful motion to compel their deposition testimony. Plaintiffs are

ORDERED to pay Kendallville Defendants $2,822.75 on or before July 20, 2026. Kendallville

Defendants' motion for attorney fees and expenses (ECF 123) is OTHERWISE DENIED.

SO ORDERED.

Entered this 21st day of May 2026.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge