**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **DEVON EMINGER,** *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:24-cv-00444-HAB-ALT** |
| | ) | |
| **CITY OF KENDALLVILLE,** *Indiana*, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

On May 21, 2026, the Court entered an Order (ECF 132) granting part and denying in part a motion for attorney fees and expenses (ECF 123) filed by Defendants the City of Kendallville, Kendallville Police Department, Officer Brody Fretz, and Sgt. Justin Beal (the "Kendallville Defendants"), stemming from the Court's February 19, 2026, ruling (ECF 116) granting Kendallville Defendants' motion to compel deposition testimony and sanctions (ECF 106) and denying *pro se* Plaintiffs' motion to compel and supplemental motion to compel certain discovery (ECF 90, 97). In the Order, the Court ordered Plaintiffs to pay Kendallville Defendants $2,822.75 in attorney fees and expenses on or before July 20, 2026. (ECF 132 at 9-10).

Now before the Court is Plaintiffs' Objection to Magistrate Judge's Sanctions Order and Request for Reconsideration Based on Newly Discovered Evidence filed by Plaintiff Eminger on June 4, 2026, which the Court deems to be a motion to reconsider the Court's Order dated May 21, 2026. (ECF 133).[1] For the following reasons, the motion will be DENIED.

---

[1] The motion was signed solely by Eminger and states that Plaintiff Minks "intends to join in this filing and will provide any additional signature or verification required by the Court." (ECF 133 at 4). As the Court has repeatedly advised Plaintiffs, Eminger, a *pro se* litigant, cannot litigate this case on Minks's behalf. Therefore, the Court views the motion as filed solely by Eminger.

A motion for reconsideration performs a valuable, but limited, function: "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (citations omitted); *see* Fed. R. Civ. P. 60(b); *see also Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (stating that the problems a motion to reconsider is designed to remedy "rarely arise and the motion to reconsider should be equally rare" (citation omitted)). A motion for reconsideration cannot "be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the summary judgment motion." *Caisse Nationale De Credit Agricole*, 90 F.3d at 1269 (citations omitted).

In the motion, Eminger seeks reconsideration due to "newly discovered evidence" she located after the Court entered the May 21, 2026, Order. (ECF 133 at 1-2). Specifically, Eminger states that she "recently located a recording of a communication with defense counsel's office that occurred on the date of the scheduled depositions." (*Id.* at 2). She claims the transcript of this call reflects that she advised counsel "that [Plaintiffs] wished to reschedule if both depositions could not reasonably be completed" and that "Plaintiffs did not communicate an intent to permanently refuse deposition testimony." (*Id.*). She attaches several exhibits "to demonstrate that communications between the parties were ongoing and that Plaintiffs were actively attempting to address deposition and discovery issues." (*Id.* at 3). She further asserts Plaintiffs "were not acting in bad faith and were not attempting to abandon discovery." (*Id.*).

Eminger is simply rehashing the arguments Plaintiffs already made in response to the motion for attorney fees. (*See* ECF 126). Motions for reconsideration should not be used merely to "rehash old arguments." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Nor does Eminger show why she could not have submitted this evidence while the motion for

attorney fees was pending. *See Caisse Nationale*, 90 F.3d at 1269-70. Furthermore, even if Plaintiffs had timely submitted this evidence, it would not have changed the outcome of the motion, as the Court does not view the evidence as particularly persuasive to Plaintiff's position.

In short, because Eminger has not shown that she has "newly discovered evidence" or that the Court committed a "manifest error[] of law or fact," *id*. at 1269, her motion to reconsider (ECF 133) is DENIED. The Court's Order dated May 21, 2026, awarding Defendants $2,822.75 in attorney fees and expenses (ECF 132) STANDS.

SO ORDERED.

Entered this 16th day of June 2026.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge